# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION
# IN ADMIRALTY

| | |
|---|---|
| Jo A. Lewis, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Excel Mechanical, LLC, and )<br>Roger W. Lewis )<br>)<br>Defendants. )<br>_____) | Civil Action No.: 2:13-cv-281-PMD<br><br>**ORDER** |

This matter is before the Court upon Pennsylvania Mutual Casualty Insurance Company's ("Penn National") Motion to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. Penn National is Defendant Excel Mechanical, LLC's ("Excel") liability insurer under a Commercial General Liability policy and seeks to intervene in this maritime tort action as a matter of right under Rule 24(a), or alternatively, permissively under Rule 24(b). Both Plaintiff and Defendants oppose Penn National's motion. A hearing on this matter was held on July 8, 2013. After reviewing the motions and the arguments set forth at the hearing, the Court denies Penn National's Motion to Intervene.

## BACKGROUND/PROCEDURAL HISTORY

Plaintiff Jo. A Lewis ("Mrs. Lewis") filed this action against her husband, Roger W. Lewis ("Mr. Lewis"), and Excel, a South Carolina limited liability company, of which Mr. Lewis is the single member. On or about September 4, 2011, Mr. Lewis was operating a watercraft (hereinafter, the "Boat") in the Charleston harbor, and his wife, along with two other passengers, were onboard. Mr. Lewis drove the Boat onto a sandbar where he intended to ground the boat, but in the process, he caused a collision that trapped Mrs. Lewis's lower leg between the Boat

1

and the sandbar. According to Plaintiff, Mr. Lewis was entertaining the other two passengers as business prospects of Excel, and therefore, Mr. Lewis was engaged in the conduct of Excel's business. Additionally, Plaintiff contends that the injuries she sustained were caused directly and proximately by Mr. Lewis's negligence and that Excel is vicariously liable for Mr. Lewis's negligence. Mrs. Lewis seeks actual and punitive damages.

Penn National has provided a defense to Defendants under a reservation of rights. Defendants filed their Answer on April 1, 2013, and admit therein that Mr. Lewis was negligent; that he was acting within the course and scope of his employment at the time of the collision; and that Defendant Excel is vicariously liable for Mr. Lewis's negligence. ECF No. 7, ¶¶ 7, 14, 15. Defendants also assert an affirmative defense of comparative negligence by Plaintiff and state that recovery should be reduced in proportion to Plaintiff's negligence. Shortly after Defendants filed their Answer, Penn National filed a Motion to Intervene. Both Defendants and Plaintiff (the "Parties") filed Responses in Opposition. On May 14, 2013, Penn National filed a Reply addressing all of the issues raised in the Parties' responses.

## STANDARD OF REVIEW

Rule 24 provides for two types of intervention. "Intervention of Right" requires the court to permit anyone to intervene upon timely motion who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Thus, to intervene as of right, a movant must show: (1) timely application; (2) an interest in the subject matter of the underlying action; (3) that a denial of the motion to intervene would impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not

adequately represented by the existing parties to the litigation. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). "A party moving for intervention under 24(a) bears the burden of establishing a right to intervene, and must do so by satisfying all four requirements." *U.S. ex rel. MPA Const., Inc. v. XL Specialty Ins. Co.*, 349 F. Supp. 2d 934, 937 (D. Md. 2004) (citing *In re Richman*, 104 F.3d 654, 658 (4th Cir. 1997)).

"Permissive Intervention," on the other hand, allows the court, in its discretion, to permit anyone to intervene upon timely motion who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Rule 24(b) notes that in "exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the application of the rights of the original parties." Fed. R. Civ. P. 24(b)(3).

## DISCUSSION

### A.     Intervention as of Right

Each of the prerequisites outlined above must be satisfied or the motion to intervene of right must be denied. The Parties contend primarily that Penn National does not have a direct, substantial, and legally protectable interest in the subject matter of this action to intervene as of right.[1]  The Court agrees.

"[A] party will not be permitted to intervene as a matter of right unless it has a direct, substantial, and legally protectable interest in the action." *Genesis Press, Inc. v. MAC Funding Corp.*, No. 6:08-2115-HMH, 2008 WL 3200742, at *1 (D.S.C. Aug. 5, 2008). The term "interest" in this context defies a simple definition. *See Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987).  However, the Supreme Court has stated that the interest must be "significantly protectable." *See Donaldson v. United States*, 400 U.S. 517, 531 (1971). Additionally, such an

---

[1] The Parties do not contest the timeliness of Penn National's Motion to Intervene.

interest must not be remote or contingent. *See e.g., Travelers Indemnity Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989).

Penn National contends that because it "would be required to fund at least part of Plaintiff's recovery *if* coverage under the Policy exists . . . [it] is the real party in interest and thus has an interest in the subject matter of this action." ECF No. 9, at 3 (emphasis added). By this very statement, however, Penn National acknowledges that it has nothing more than a contingent interest in the present action as there has yet to be an adverse coverage determination by this Court in the declaratory judgment action filed by Penn National on April 8, 2013.[2] *See Dingwell*, 884 F.2d at 638 (stating that "[w]hen the insurer offers to defend the insured but reserves the right to deny coverage . . . the insurer's interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue") (*citing Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874-76 (2d Cir. 1984)). Penn National does not have an interest in the subject matter of this action, that is, Mr. Lewis's allegedly negligent operation of the Boat that, in turn, led to Mrs. Lewis's tort claim for damages against Defendants. Instead, Penn National's interest is the amount it may have to pay Defendant Excel (i.e., Mr. Lewis) if Plaintiff wins. Stated differently, Penn National's interest is in how much of any future award may be attributable to damages contemplated by the policy. This maritime tort action is not the proper place to raise substantive issues of insurance law. In so holding, the Court is also persuaded by the well-established policy of preventing insurers who reserve the right to deny coverage from controlling the defense brought against its insured. *Dingwell*, 884 F.2d at 639.

---

[2] Civil Action No. 2:13-cv-00920-PMD

4

Penn National also argues that it has an interest justifying intervention in that if it is later held to afford coverage for Plaintiff's injuries, it will be bound by any judgment of this Court. *See* ECF No. 29, at 5 ("[A]ny determination in this action as to Excel's vicarious liability or whether Roger Lewis was engaged in the conduct of Excel could have a binding and/or preclusive effect in the declaratory judgment action . . . ."). Notably, Penn National does not cite to South Carolina case law or statutes prohibiting it from litigating a matter critical to the coverage issue—i.e., scope of employment—when that issue is also relevant to the liability issue. Under South Carolina law, collateral estoppel precludes only "a party to a prior action or one in privity with a party to a prior action" from re-litigating an issue previously litigated. *Ex parte Allstate Ins. Co.*, 339 S.C. 202, 206 (S.C. Ct. App. 2000). The term "privity" means "one so identified in interest with another that he represents the same legal right." *Id.* The Fourth Circuit has stated that "when an insurer elects not to defend a tort suit on the ground that the insured's tortious conduct was outside the scope of the insurance policy, the insured and the insurer do not share an identity of interest regarding the underlying action and, therefore, are not in privity." *Ranta v. Catholic Mut. Relief Soc. of Am.*, 492 F. App'x 373, 377 (4th Cir. 2012). Here, Penn National is not a party, and although it is defending the insured, the Court finds that the Fourth Circuit's reasoning similarly applies when an insurer is defending under a reservation of rights and the insurer and insured hold conflicting positions with respect to factual issues in the liability suit. *See State Farm Fire & Cas. Co. v. Mabry*, 497 S.E.2d 844, 846 (Va. 1998) ("If an insurer provides a reservation of rights . . . the insurer 'is not deemed to have waived, nor be estopped to set up, the defense of lack of coverage' because of its participation in the tort litigation" (citing *Norman v. Ins. Co. of N. Am.*, 239 S.E.2d 902, 907 (Va. 1978))). Moreover, based on the pleadings in this case, it is evident that Defendants and Penn National are not in privity. *See State*

5

*Farm Fire & Cas. Co. v. Garrity*, 785 F.2d 1225, 1227 (4th Cir. 1986) (North Carolina law) (stating that "[i]n a typical case, the insurance company is estopped because it is in privity with the insured. The interests of the company and the insured in opposing plaintiff's claim are identical. When the insured is sued for negligence and the insurance company believes the injury was intentional, however, the interest of the insurer and insured diverge"). Mr. Lewis states that he was engaged in the conduct of Excel's business while he was operating the boat such that Excel is vicariously liable for his negligence. Conversely, Penn National states that it has reason to believe Mr. Lewis was not acting as an agent for Excel while he was operating the boat such that Excel is not vicariously liable and it, therefore, has no duty to indemnify. *See* Restatement of Judgments (Second) § 58 (2) (1982) ("A 'conflict of interest' . . . exists when the injured person's claim against the [insured] is such that it could be sustained on different grounds, one of which is within the [insurer's] obligation to indemnity and another of which is not."). Under these unique facts, the Court finds this interest of Penn National also insufficient to warrant intervention.

Because Penn National has no direct interest in this action and because denial of its motion will not impede its interests, the Court need not consider the remaining elements. *See XL Specialty Ins. Co.*, 349 F. Supp. 2d at 937 (all four elements must be satisfied). Penn National's motion to intervene fails under Rule 24(a).

### B.     Permissive Intervention

Penn National has moved in the alternative to intervene permissively pursuant to Rule 24(b). The Supreme Court has interpreted this provision to "dispense[ ] with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *S.E.C. v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940). Thus, the two

6

questions that the Court must consider as to permissive intervention are whether Penn National has a claim or defense that shares a question of law or fact in common with this action, and whether intervention would unduly delay resolution of this litigation with respect to the current parties. Fed. R. Civ. P. 24(b)(1)(b), (b)(3). The Court has broad discretion in granting permissive intervention. *Backus v. South Carolina*, No. 3:11-cv-03120, 2012 WL 406860, at *2 (D.S.C. Feb. 8, 2012).

There is no question that Penn National's defense has a question of fact in common with this pending action. Specifically, the issue of whether Mr. Lewis was engaged in the conduct of Excel's business when the collision occurred is central to the determination of both Excel's vicarious liability and insurance coverage. However, by its own admission, Penn National has shown that intervention would delay and prejudice adjudication of the rights of the Parties to this action. In its Reply, Penn National states that if it is allowed to intervene, it will either move for a stay or move the Court to initially determine the issue of coverage and Excel's vicarious liability. ECF No. 29, at 4. The very purpose of a stay is to delay an action. Moreover, injecting the issues of coverage and Excel's liability into this action would prejudice the Parties. Plaintiff would be forced to litigate matters against the insurance company that she would not have to otherwise, as the issue of coverage under Excel's policy is not before the Court and Defendants have conceded that Excel is vicariously liable for Mr. Lewis's negligence. Defendants would be forced to oppose the insurer that retained their defense counsel but is contesting their factual assertions. *See Restor-A-Dent*, 725 F.2d at 877 ("Allowing the insurer to intervene . . . might, as

a practical matter, . . . exacerbate a potential conflict of interest for the attorney furnished by [the insurer] to represent [the insured].").[3]

Penn National's claim or defense with respect to the policy it issued to Excel is that it is not liable to Excel for any damages awarded to Plaintiff because Mr. Lewis was not acting as an agent for Excel when he was operating the boat that injured Mrs. Lewis. The Court finds that Penn National can properly raise this issue in its declaratory judgment action already filed with the Court. Therefore, in its sound discretion, the Court declines to permit Penn National to intervene under Rule 24(b).

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Penn National's Motion to Intervene pursuant to Rule 24(a), or alternatively, Rule 24(b)(2), is hereby **DENIED.**

AND IT IS SO ORDERED.

PATRICK MICHAEL DUFFY
United States District Judge

July 16, 2013
Charleston, SC

---

[3] The Court notes that it is not persuaded by Penn National's argument that this case supports its motion for permissive intervention. ECF No. 29, at 7. In *Restor-A-Dent*, the insurer wanted to intervene for the limited purpose of proposing interrogatories to the court for submission to the jury. *Restor-A-Dent*, 725 F.2d at 877. Here, Penn National seeks to intervene for purposes that would have a much larger effect on the current action. As such, *Restor-A-Dent* can be easily distinguished.