**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY**

| | |
|---|---|
| Jo A. Lewis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 2:13-cv-281-PMD |
| v. ) | |
| ) | |
| Excel Mechanical, LLC, and ) | **ORDER** |
| Roger W. Lewis, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff's Motion for Judgment on the Pleadings ("Motion") pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Defendants filed a Response in Opposition, and Plaintiff filed a Reply. After considering the arguments of the parties, the pleadings submitted, and the record in this case, the Court denies Plaintiff's Motion.

**BACKGROUND/PROCEDURAL HISTORY**

Plaintiff Jo. A Lewis ("Mrs. Lewis") filed this action against her husband, Roger W. Lewis ("Mr. Lewis"), and Excel, a South Carolina limited liability company, of which Mr. Lewis is the single member. On or about September 4, 2011, Mr. Lewis was operating a watercraft (hereinafter, the "Boat") in the Charleston harbor, and his wife, along with two other passengers, were onboard. Mr. Lewis drove the Boat onto a sandbar where he intended to ground the Boat, but in the process, he caused a collision that trapped Mrs. Lewis's lower leg between the Boat and the sandbar. According to Plaintiff, Mr. Lewis was entertaining the other two passengers as business prospects of Excel, and therefore, Mr. Lewis was engaged in the conduct of Excel's business. Additionally, Plaintiff contends that the injuries she sustained were caused directly and

1

proximately by Mr. Lewis's negligence and that Excel is vicariously liable for Mr. Lewis's negligence. Mrs. Lewis seeks actual and punitive damages.

Defendants filed their Answer on April 1, 2013, and admit therein that Mr. Lewis was negligent; that he was acting within the course and scope of his employment at the time of the collision; and that Defendant Excel is vicariously liable for Mr. Lewis's negligence. Defs.' Answer ¶¶ 7, 14, 15, ECF No. 7.  Defendants also assert an affirmative defense of comparative negligence by Plaintiff.

On July 23, 2013, Plaintiff filed the instant Motion seeking a judgment on the pleadings on the issues of Mr. Lewis's negligence and Excel's vicarious liability for that negligence. Defendants filed their Response in Opposition on August 8, 2013, and after being granted an extension of time to file, Plaintiff filed a Reply on August 23, 2013.

## STANDARD OF REVIEW

Parties are permitted to make a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c).  A motion to dismiss under Rule 12(c) is designed to "dispos[e] of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further . . . ." 5C Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1368 (3d ed. 2010).

Under a Rule 12(c) motion, "only the pleadings are considered . . . ." *A.S. Abell Co. v. Baltimore Typographical Union*, 338 F.2d 190, 193 (4th Cir. 1964). The court may, however, consider the documents and exhibits attached to and incorporated into the pleadings themselves. *See Eagle Nation, Inc. v. Market Force, Inc.,* 180 F. Supp. 2d 752, 754 (E.D.N.C. 2001); *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998).

A district court, in reviewing a Rule 12(c) motion, "appl[ies] the same standard . . . as for motions made pursuant to Rule 12(b)(6)." *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). "To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A motion for judgment on the pleadings should be granted only if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). When a court reviews a motion for judgment on the pleadings, it should "construe the facts and reasonable inferences . . . in the light most favorable to the [nonmoving party]." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Thus, "[t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *John S. Clark Co., Inc. v. United Nat'l Ins. Co.*, 304 F. Supp. 2d 758, 763 (M.D.N.C. 2004) (citing 5A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1368 at 520 (2d ed. 1990)).

Courts follow "a fairly restrictive standard" in ruling on Rule 12(c) motions, as "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (3d ed. 2011). Ultimately, "a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that,

if proved, would permit recovery for the plaintiff." *BET Plant Servs., Inc. v. W.D. Robinson Elec. Co.*, 941 F. Supp. 54, 55 (D.S.C. 1996).

## DISCUSSION

Plaintiff argues that she is entitled to a judgment on the pleadings because Defendants' Answer: (1) "clearly and unequivocally admits [Mr.] Lewis acted negligently and caused the accident and Plaintiff's injuries," and (2) "admits unequivocally that Excel is vicariously liable for [Mr.] Lewis'[s] negligent conduct in injuring Plaintiff inasmuch as [Mr.] Lewis was acting as Excel's agent at the time of the subject accident." Pl.'s Mot. J. on Pleadings 2, ECF No. 37. Defendants do not dispute that they have made these admissions. Instead, Defendants contend that because other factual issues remain to be determined by the Court, Plaintiff's Motion is not appropriate and must be denied. The Court agrees.

Further factual issues remain to be resolved in this case. For instance, the Court must still determine to what extent Mr. Lewis was, admittedly, negligent, and whether his actions or inactions in operating the Boat were also grossly negligent, careless, reckless, willful, wanton and unlawful, as alleged by Plaintiff. *See* Compl. ¶ 14, ECF No. 1. Defendants have also asserted the affirmative defense of comparative negligence in their Answer. Therefore, the Court will be required to make findings of fact with respect to Plaintiff's negligence, if any.

Defendants state that judgment on the issue of negligence is not appropriate because Plaintiff alleges that the "[c]ollision was due to and caused directly and proximately by . . . Lewis'[s] negligence;"[1] but, in their Answer, Defendants only admit "that the collision was due to and caused directly by Lewis'[s] negligence."[2] Thus, Defendants contend that the Court must make a determination as to whether that negligence was the proximate cause of Plaintiff's

---

[1] Compl. ¶ 14, ECF. No. 1
[2] Defs.' Answer ¶ 14, ECF No. 7

4

injuries. Plaintiff argues that the omission of the words "and proximately" is merely a scrivener's error.  At this stage, however, the Court must construe the facts in the light most favorable to Defendants and assume this omission was not in error, but intentional as Defendants' claim.

It is evident that the pleadings do not resolve all of the factual issues in this case.  The Court finds that a bench trial on the merits would be more appropriate than an attempt at resolution of certain issues of the case on a Rule 12(c) motion.  *See Roberts v. Robert V. Rohrman, Inc.*, 909 F. Supp. 545, 552 (N.D. Ill. 1995) ("If the pleadings do not resolve all of the factual disputes, a trial is more appropriate than a judgment on the pleadings.") (citing Wright & Miller, 5A *Federal Practice and Procedure* § 1367 at 509-10 (2d ed. 1990)).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12(c) is **DENIED.**

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**August 28, 2013**
**Charleston, SC**