**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY**

| | |
|---|---|
| Jo A. Lewis,        )<br>                     )<br>        Plaintiff,    )<br>                     )   Civil Action No.: 2:13-cv-281-PMD<br>        v.           )<br>                     )<br>Excel Mechanical, LLC, and  )   **ORDER**<br>Roger W. Lewis,      )<br>                     )<br>        Defendants.  )<br>_____)  | |

This matter is before the Court upon Pennsylvania Mutual Casualty Insurance Company's ("Penn National") Motion to Alter or Amend ("Motion to Amend") the Court's Order of July 16, 2013 ("Order") pursuant to Federal Rules of Civil Procedure 54(a) and 59(e) and Local Rule 7.04. In the Order, the Court denied Penn National's Motion to Intervene. Penn National is Defendant Excel Mechanical, LLC's ("Excel") liability insurer and is defending Defendants under a reservation of rights while pursuing a separate declaratory judgment action with respect to the coverage issue.[1] After reviewing the Order, the Court denies Penn National's Motion to Amend.

In its Order, the Court found that Penn National had nothing more than a contingent interest in this action, and therefore, it declined to allow Penn National to intervene as of right. Order 4, July 16, 2013, ECF 36. The Court also declined to exercise its discretion to allow Penn National to permissively intervene, finding that such intervention would "delay and prejudice adjudication of the rights of the Parties to this action." *Id.* at 7. The Court based this finding on Penn National's admission that it intended to move to stay the action, or in the alternative, inject

---
[1] Civil Action No. 2:13-cv-00920-PMD

the issues of coverage and Excel's liability into this action, thus forcing the parties to litigate matters that they would not have to otherwise.

Penn National now argues that this Court's Order was in error and moves for reconsideration of the judgment. Reconsideration of a judgment is an extraordinary remedy that should be used sparingly. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A motion to alter or amend a judgment may be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Id.* Penn National claims that reconsideration is necessary in order to correct a clear error of law and prevent manifest injustice. First, it contends that it has a direct interest in this matter "because Defendants are conceding the dispositive issue of whether Roger Lewis was engaged in the conduct of Excel Mechanical's business." Mot. to Amend 2. According to Penn National, an insurer has a direct interest "in a lawsuit where the insurer denies the claim is covered by the policy but both its insured's and plaintiff's interests are directly aligned together against the insurer." *Id.* Specifically, Penn National states that it "has a direct interest in avoiding a judgment in this action that could bind [it] in the coverage action." *Id.* at 4.

The Court is aware of the practical realities of this action. Penn National's position that it has a direct interest in this case due to the nature of the relationship between Plaintiff and Defendants has already been fully briefed and decided by this Court. "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters. . . ." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation omitted). Although, the Court understands that Penn National may disagree with this Court's prior ruling, it declines to reconsider this issue.

Penn National also asserts that the Court committed clear error because it relied on an improper standard in denying Penn National's request to permissively intervene. Mot. to Amend 5. The Court properly set forth the standard for permissive intervention in its Order. *See* Order 3, July 16, 2013, ECF 36 ("Rule 24(b) notes that in exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the application of the rights of the original parties.") (quotation marks omitted). The Court also properly considered both delay and prejudice in making its determination. The Court, however, inadvertently left out the word "unduly" when it concluded that Penn National's intervention would "delay and prejudice the rights of the current parties." *See id.* at 7. To clarify, the Court found both the delay and the prejudice that would result from allowing Penn National to intervene undue. Because the Court's basis for its ruling was premised on the proper standard, there was no clear error of law.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Penn National's Motion to Alter or Amend is **DENIED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**August 28, 2013**
**Charleston, SC**